**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**SHARDAY LATOYA BRADSHAW,**

    **Plaintiff,**

        v.                        Civil Action No. 11-1558 (ABJ/JMF)

**JEFFERSON GRILL, INC.,**
d/b/a **The Macombo Lounge,**

    **Defendant.**

**MEMORANDUM OPINION**

On August 29, 2011, plaintiff brought this action against defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"),[1] the D.C. Minimum Wage Act Revision Act, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq*. ("DCWPCL"). Complaint [#1] at 1. On November 2, 2011, plaintiff moved for a default judgment,[2] and on December 22, 2011, judgment was entered against defendants, jointly and severally, in the amount of $66,226.00. Judgment [#11]. Counsel for plaintiff was simultaneously ordered to file a petition for attorney's fees and costs. Order [#10]. Plaintiff's Petition for an Award of Attorney's Fees and Costs [#12] was filed on December 30, 2011 and no opposition has been filed thereto. It is therefore ready for resolution.

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

[2] Plaintiff's Motion for Judgment by Default [#6].

**DISCUSSION**

Under the FLSA, an award of attorney's fees is mandatory. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541 (11th Cir. 1985) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs."); Falica v. Advance Tenant Servs., Inc., 384 F. Supp. 2d 75, 77 (D.D.C. 2005). Therefore, the Court need not consider plaintiff's claims under the DCMWA or the DCWPLC. Rather, the Court need only consider whether plaintiff was a prevailing party and whether the fees her counsel, Gregg C. Greenberg, seeks are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Copeland v. Marshall, 641 F.2d 880, 889 (D.C. Cir. 1980).

I.   Plaintiff was a Prevailing Party

In order to qualify as a prevailing party, there must be an "alteration in the legal relationship of the parties" and this alteration must be the result of formal judicial action. Lopez v. District of Columbia, 383 F. Supp. 2d 18, 21 (D.D.C. 2005) (quoting Buckhannon Bd. and Care Home, Inc., v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 605-06 (2001)). The entry of a default judgment on December 22, 2011 was a clear alteration in the legal relationship between plaintiff and defendant and one which was the result of formal judicial action. E.g. Simon v. Leaderscape, LLC, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008) (plaintiff in FLSA action obtained a default judgment and was thereby entitled to attorney's fees). The next question is what is a reasonable rate.

II.   Greenberg's Rates are Reasonable

In Hensley, the Supreme Court noted that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate" in order to arrive at the total or "lodestar" amount. Hensely v. Eckerhart, 461 U.S. at 433.  "[A] fee applicant's burden in establishing a reasonable hourly rate entails a showing of at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community. Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

### A. Greenberg's Billing Practices

The only information Greenberg provides regarding his billing practices is that in December of 2011, he was awarded the Laffey[3] rate of $285.00 per hour by another judge of this Court. [#12] at 3, 3 n.3.

### B. Greenberg's Skill, Experience, and Reputation

Greenberg received his law degree in 2007 from the University of Detroit Mercy School of Law, and is a member of the following bars: 1) Maryland, 2) Virginia, 3) the District of Columbia, 4) the U.S. District Court for the District of Maryland, 5) the U.S. District Court for the District of Columbia, 6) the U.S. District Court for the Eastern District of Virginia, 7) the U.S. District Court for the Western District of Virginia, and 8) the U.S. Fourth Circuit Court of Appeals. [#12] at 3.  According to Greenberg, he "has devoted almost his entire practice to prosecuting Fair Labor Standards Act claims (as well as comparable statutes) and has handled over two hundred (200) cases involving wage and overtime disputes." Id.

---

[3] The Laffey matrix is a "schedule of charges based on years of experience." Covington v. District of Columbia, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (citing Laffey v. Nw. Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), rev'd on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985), as modified by Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516 (D.C. Cir. 1988)).  An updated version of the matrix is maintained by the United States Attorney for the District of Columbia.  See http:/www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf (last visited Apr. 25, 2012).

    C.    Prevailing Market Rates

Although the use of the Laffey matrix to determine reasonable hourly rates in FLSA cases is not automatic, several judges in this Court have relied on it as an appropriate starting point for determining rates of reimbursing attorneys who bring cases under the FLSA. See Ventura v. Bebo Foods, Inc., 738 F. Supp. 2d 8, 34 (D.D.C. 2010) (Lamberth, J.); Pleitez v. Carney, 594 F. Supp. 2d 47, 53 (D.D.C. 2009) (Bates, J.); Falica v. Advance Tenant Servs., Inc., 384 F. Supp. 2d at 78 (Walton, J.). In this case, Greenberg seeks an hourly rate of $285.00, which is the appropriate hourly rate under the Laffey matrix for an attorney with 4-7 years of experience practicing from June 1, 2011 through May 31, 2012. See http:/www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf (last visited Apr. 25, 2012).

III.    Summary of Reimbursement

Pursuant to the above analysis, plaintiff will be reimbursed for the following attorney's fees and costs incurred by Greenberg on her behalf:[4]

| Date | Description | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- | --- |
| 8/24/11 | Conf. w/client re: wage claim v. Macombo's Lounge; research re: Macombo's Lounge | 4.2 | $285.00 | $1,197.00 |
| 8/25/11 | Draft Complaint; revise same; file same | 1.3 | $285.00 | $370.50 |
| 10/19/11 | Draft Motion Entry Default; revise same; file same | 0.60 | $285.00 | $171.00 |
| 10/26/11 | Conf. w/Shardonay re: Default Judgment; draft affidavit; revise same | 1.10 | $285.00 | $313.50 |

---

[4] See [#12-2] at 1.

| 11/2/11 | Draft Motion for Default Judgment; revise same; file same | 2.90 | $285.00 | $826.50 |
|---|---|---|---|---|
| 12/5/11 | T/c w/TRACER re: Amended Affidavit; Draft Response to Court Order; revise same; file same | 2.3 | $285.00 | $655.50 |
| 12/30/11 | Conf. w/bookkeeper re: billing records; edit and reduce fees; draft Fee Petition; revise same; file same | 3.4 | $285.00 | $969.00 |
| 8/25/11 | Filing Fee (U.S. District Court) | n/a | n/a | $350.00 |
| 9/30/11 | Service of Process (Tracer, Inc. Process Servers) | n/a | n/a | $120.00 |
| Total Amount Due Plaintiff | | | | $4,973.00 |

An Order, which directs the Clerk to enter judgment in the amount of $4,973.00, accompanies this Memorandum Opinion.

                                                                                _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE